UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal No. 3:20-CR-19 |
| v. | ) PLEA AGREEMENT |
| JEFREN MORENO GODOY, | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government"), Defendant, JEFREN MORENO GODOY, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   *Subject Offenses.* Defendant will plead guilty to Counts 1 and 3 of the Indictment. Count 1 charges Misuse of a Social Security Number in violation of Title 42, United States Code, Section 408(a)(7)(B).  Count 3 charges Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A(a).

2.   *Charges Being Dismissed.* If the Court accepts this Plea Agreement, Count 2 of the Indictment will be dismissed at the time of sentencing.

3.   *No Further Prosecution.* The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement; or (2) any crime of violence.

1

## B. MAXIMUM PENALTIES

4. *Maximum and Mandatory Minimum Punishment.* Defendant understands that the crime to which Defendant is pleading guilty in Count 1 carries a maximum sentence of 5 years in prison; a maximum fine of $ 250,000; and a term of supervised release of not more than three years. Defendant further understands that the crime to which Defendant is pleading guilty in Count 3 carries a mandatory minimum sentence of two (2) years consecutive to any other term of imprisonment imposed on Defendant under any other provision of law; a maximum fine of $ 250,000; and a term of supervised release of not more than one year. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the Court may not impose a sentence less than the mandatory minimum sentence unless the Government files a motion for substantial assistance under 18 U.S.C. § 3553(e). No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum.

5. *Mandatory Consecutive Sentence.* Defendant understands that the Court must impose an additional, consecutive sentence of at least two (2) years for the offense charged under Count 3.

6. *Supervised Release--Explained.* Defendant understands that, during any period of supervised release, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

2

7. *Detention.* Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

8. *Elements Understood.* Defendant understands that to prove the offense alleged under Count 1 (Misuse of a Social Security Number) the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) Defendant represented a social security number to be the social security number assigned to him by the Commissioner of Social Security;

    (b) This representation was false – the social security number at issue was not assigned to Defendant;

    (c) Defendant made this representation with the intent to deceive; and

    (d) Defendant did so for the purpose of deceiving law enforcement (investigating, prosecuting, and court) authorities in Illinois and Iowa.

Defendant further understands that to prove the offense alleged under Count 3 (Aggravated Identity Theft), the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) Defendant knowingly transferred, possessed or used;

    (b) the means of identification of another person;

    (c) without lawful authority; and

 (d) Defendant did so during and in relation to a violation of a felony enumerated in 18 U.S.C. § 1028A(C), that is the offenses charged in Counts 1 and 2.

9. *Factual Basis.* As a factual basis for Defendant's pleas of guilty, Defendant admits the following:

 (a) Defendant is not and never has been a citizen of the United States of America. Defendant is a native and a citizen of Colombia, South America. He does not have, and has never had, permission to be in the United States. He does not have a social security number assigned to him by the Commissioner of Social Security.

 (b) At all relevant times, Marangeli Ortiz-Ortiz was a citizen of the United States and was born in Puerto Rico. Marangeli Ortiz-Ortiz was assigned a social security number ending in 4527.

 (c) As early as January 16, 2013, until at least March 15 of 2018, Defendant used the name, date of birth, and social security number of Marangeli Ortiz-Ortiz ending in 4527. Specifically, on January 16, 2013, when Defendant was arrested by law enforcement authorities in Moline, Illinois, Defendant gave police in Illinois and in Bettendorf and Davenport, Iowa, the name Marangeli Ortiz-Ortiz and provided to them the true and correct date of birth of Marangeli Ortiz-Ortiz and the social security number assigned to Marangeli Ortiz-Ortiz ending in 4527. Defendant did so with the intent to deceive law enforcement authorities about his true identity and citizenship.

 (d) In 2013, and thereafter, Defendant was prosecuted and convicted of burglary in Iowa and Illinois under the name, date of birth and the social security number of Marangeli Ortiz-Ortiz. After these convictions and while Defendant was serving a prison sentence, the real Marangeli Ortiz-Ortiz, a female and resident of Puerto Rico, died. Thereafter, in February and March of 2018, while serving a term of imprisonment in Iowa, Defendant was transported to Davenport, Iowa to serve a portion of his sentence in a work release program at the community correctional facility there. In order to work in the program, while at the half-way house, Defendant again provided to employees of the Iowa Department of Corrections (DOC) the true and correct date of birth of Marangeli Ortiz-Ortiz, and the social security number

        ending in 4527 assigned to Marangeli Ortiz-Ortiz claiming falsely that he was Marangeli Ortiz-Ortiz. Defendant did so with the intent and purpose to deceive the Iowa DOC employees and other authorities about his true identity and citizenship.

(d)     To verify and authenticate the number provided by the Defendant, Iowa DOC officials submitted the social security number to the Social Security Administration. At that time, the Social Security office reported to the Iowa DOC that the number was assigned to a deceased person. After Defendant learned of this, he absconded.

(e)     On June 28, 2019, officers with the Burlington North Santa Fe Police Department encountered Defendant and two others riding a train northbound near Everett, Washington. Defendant told the officers he was born on June 15, 1984 in Puerto Rico and that he was a United States citizen. He also provided law enforcement with a Social Security Number (XXX-XX-9954). Special Agents with the U.S. Homeland Security Investigations (HSI) obtained a set of fingerprints from Defendant. The identifiers and fingerprints were submitted electronically to law enforcement databases maintained by the Federal Bureau of Investigation. The fingerprints were matched to a file in the name of Marangeli Ortiz Ortiz due to Defendant's use of those identifiers from the state prosecutions in 2013.

(f)     On December 18, 2019, HSI Special Agents and Customs and Border Patrol Officers encountered Defendant in Everett, Washington. At the time of encounter, Defendant admitted he is Jefren Moreno Godoy and a citizen of Colombia, South America who lacked lawful immigration status in the United States.

(g)     Defendant used the means of identification including the date of birth and social security number of Marangeli Ortiz-Ortiz without lawful authority and did so during and in relation to Defendant's false claim of United States citizenship and the misuse of Marangeli Ortiz-Ortiz's social security number.

10.    *Truthfulness of Factual Basis.* Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the

5

offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

11. *Waiver of Rule 410 Rights.* Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

12. *Venue.* Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

13. *Sentencing Guidelines.* Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)   *Section 2B1.1 governs the offense charged in Count 1*; under U.S.S.G. Appendix A, the parties agree that violations of 42 U.S.C. Section 408(a)(7)(B) are addressed in guidelines Chapter 2, Section 2B1.1;

    (b)   *Base Offense Level (BOL) for Count 1*; the parties agree that the BOL for Count 1 would normally be 6 but due to the cross-

6

      reference at § 2B1.1(c)(3) and because Defendant made false claims of United States citizenship, offenses covered by § 2L2.2, the BOL is 8;

(c) *Section 2B1.6 governs the offense charged in Count 3;* the parties agree that under U.S.S.G. Appendix A, the violation of 18 U.S.C. § 1028A is addressed in Chapter 2, Section 2B1.6. requiring a mandatory minimum sentence of two years consecutive to the sentence imposed for the violation of Count 1;

(d) *The nature and extent of Defendant's criminal history* (prior convictions), the defendant understands that his criminal history will be investigated to determine the total number of Criminal History points and his Criminal History Category; and

(e) *Acceptance or lack of acceptance of responsibility.*

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with his attorney.

14. *Acceptance of Responsibility.* The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

15. *Presentence Report.* Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

16. *Disclosure of Presentence Investigation Reports.* The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

17. *Evidence at Sentencing.* The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

18. *Sentence to be Decided by Judge -- No Promises.* This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

19. *No Right to Withdraw Plea.* Defendant understands that Defendant will have no right to withdraw Defendant's plea, or if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E. **FINES AND COSTS**

20. *Fines and Costs.* Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21. *Special Assessment.* Defendant agrees to pay the mandatory special assessment of $ 200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

9

## F.    LIMITED SCOPE OF AGREEMENT

22.    *Limited Scope of Agreement.* This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23.    *Agreement Limited to Southern District of Iowa.* This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24.    *Immigration Consequences of Defendant's Guilty Plea.* Defendant has discussed with Defendant's counsel the impact of Defendant's guilty plea on Defendant's immigration status if Defendant is not a citizen of the United States. Defendant specifically understands that Defendant's guilty plea may restrict Defendant's ability to challenge Defendant's removal from the United States in the future, and that Defendant may be subject to immediate removal from the United States following the service of Defendant's sentence. Defendant further understands that Defendant is pleading guilty to an "aggravated felony," which means that Defendant would be subject to enhanced criminal penalties if Defendant were to reenter the United States without authorization.

10

### G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

25. *Trial Rights Explained.* Defendant understands that this guilty plea waives the right to:

   (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

   (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

   (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

   (d) Confront and cross-examine adverse witnesses;

   (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

   (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

   (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26. *Waiver of Appeal and Post-Conviction Review.* Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charges, or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's

11

conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

### H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

27. *Voluntariness of Plea.* Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

    (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28. *Consultation with Attorney.* Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

12

    (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

29. *Entire Agreement.* This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be *in writing* and signed by all parties.

30. *Public Interest.* The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31. *Execution/Effective Date.* This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32. *Consent to Proceed by Video Conferencing.* Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

13

## J. SIGNATURES

33. *Defendant.* I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

8/14/2020
Date

*Jefren Moreno Godoy*
Jefren Moreno Godoy

34. *Defendant's Attorney.* I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of

14

guilty pursuant to the Plea Agreement.

8/14/2020
Date

Diane Z. Helphrey
Attorney at Law
101 West Second Street, Suite 401
Davenport, Iowa 52801
Tel: (563) 322-8931
Email: diane_helphrey@fd.org

35.  *United States.*  The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

8/24/2020
Date

By: Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa   52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov

15

## CERTIFICATION OF INTERPRETATION

The undersigned hereby certifies that he/she is fluent in the English language and the Spanish language; and that he/she has truly and accurately sight-translated the foregoing PLEA AGREEMENT by phone to JEFREN MORENO GODOY, providing a complete and accurate rendition in order to convey the true legal equivalent of the entire document to the best of his/her knowledge and ability.

Interpreter's Name (printed): Geralynn Fjeldheim

8/14/20
Date

_Geralynn Fjeldheim_
Interpreter's Signature