IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:20-cr-19 |
| | ) | |
| JEFREN MORENO GODOY, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its undersigned counsel, respectfully submits the following Sentencing Memorandum:

### I. Factual Background

This case involves a Colombian immigrant with a troubling history of anti-social behavior. His criminal history includes involvement in an organized criminal group that traveled the country committing residential burglaries and shipping the stolen goods to Texas. It involves the longtime misuse of a legitimate social security number and aggravated identity theft in connection with his claim to be a United States citizen. Defendant Godoy used the identity of an innocent citizen when prosecuted in and through the Iowa, Illinois, and Texas. By doing so he avoided immigration consequences.

### II. Guideline calculations

The Presentence Report calculates the Total Offense Level as 6 with a Criminal History Category of V. (PSR ¶ 78). This establishes an advisory guideline range of 9 to 15 months in prison with a consecutive sentence of 2 years. The Government is seeking a guideline sentence.

### III.     Government's Recommendation

Title 18, United States Code, Section 3553(a) mandates a sentence that is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; it must afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In addition, the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(6).

This case does not involve these offenses in their most basic form.   They are aggravated by the defendant's criminal history and his antisocial behavior. This provides a strong basis for a guideline sentence with a consecutive 2 years. A sentence in this range is necessary to promote respect for the law and provide adequate deterrence to criminal conduct.   Prior prison sentences have not resulted in a correction in his behavior. A lengthier sentence is need to attain a just result for the offenses.

Though arrested and convicted numerous times, defendant has continued to engage in unlawful conduct. Moreover, each time he has avoided immigration consequences by taking the identity of a US citizen. He has been neither productive nor law-abiding. He has associated with a criminal organization. Considering the

nature and circumstances of the offense and the history and characteristics of the defendant, a guideline sentence is warranted.

                                         Respectfully Submitted,

                                         Richard D. Westphal
                                         Acting United States Attorney

By:   */s/ Clifford R. Cronk III*
           Clifford R. Cronk III
           Assistant United States Attorney
           United States Court House
           131 East 4th Street, Suite 310
           Davenport, IA   61201
           Tel: (563) 449-5432
           Email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties and stand-by or attorney of record by: ECF/ Electronic filing.

UNITED STATES ATTORNEY

By: */s/ Cliff Cronk*
      Clifford R. Cronk III
      Assistant U. S. Attorney