IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 3:20-cr-19 |
| Plaintiff, | |
| v. | DEFENDANT'S SENTENCING MEMORANDUM |
| JEFREN MORENO-GODOY, | |
| Defendant. | |

## I.      INTRODUCTION

On August 24, 2020, Defendant, Jefren Moreno-Godoy, entered a plea of guilty to counts one and three of the three count indictment, pleading guilty to misuse of social security number, contrary to 42 U.S.C. § 408(a)(7)(B), (charged in count one), and aggravated identify theft, contrary to 18 U.S.C. § 1028A(a)(1), (charged in count three).   Sentencing in the matter is scheduled for March 19, 2021.   The final presentence report guideline calculation produces a total offense level of six and a criminal history category V.   This calculation results in an advisory guideline range of 9 to 15 months' imprisonment.   Count three carries a mandatory two year sentence that must be imposed consecutive to the sentence ordered in count one.   There are no contested guideline issues.   The defense respectfully requests that the court exercise its discretion and sentence Mr. Moreno-Godoy to a sentence at the low end of the guideline range, and maintains such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing pursuant to Title 18 U.S.C. § 3553(a).

II.   **UNDER THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), MR. MORENO-GODOY SHOULD RECEIVE A SENTENCE AT THE LOW END OF THE GUIDELINE RANGE.**

A.   Legal Authority

Title 18 U.S.C. § 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 refers to:

> "The need for the sentence imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Among other factors, a sentencing court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."   18 U.S.C. § 3553(a)(1). There are several mitigating factors present in the instant case.

B.   Analysis

The history and characteristics of Mr. Moreno-Godoy support a mitigated sentence.   Mr. Moreno-Godoy fled his country based on concerns for his safety.   (PSR, ¶ 53).   He was a young man when he made this decision.   (PSR, ¶ 53) (providing year of entry as 2005).   His early life was very difficult.   He was raised by his grandmother because he was abandoned by both parents.   (PSR, ¶ 44).   His mother left him when he was only 3 years of age.   *Id*.   He has never established a relationship with is mother.   (PSR, ¶ 48).   His father left the country when Mr. Moreno-Godoy was 13 or 14 years of age, but lived separately from Mr. Moreno-Godoy before leaving.   (PSR, ¶ 44).   His father eventually relocated in the United States but currently resides in Columbia.   (PSR, ¶ 47).   Mr. Moreno-Godoy missed the guidance and relationship with his

2

father when he was young but later reestablished contact with him and continues to communicate with him regularly (prior to being in custody).   (PSR, ¶ 48).   Although Mr. Moreno-Godoy's grandmother assumed responsibility for his care as a child, in the absence of his parents, she struggled financially to do so.   (PSR, ¶ 46).

While living in the United States, Mr. Moreno-Godoy established a strong relationship with Idania Damari Sauceda, with whom he has an 11 year old daughter.   *Id*.   She confirms the struggles Mr. Moreno-Godoy had early in his life.   Although she is no longer in a romantic relationship with Mr. Moreno-Godoy, she considers him close enough to be part of her family. *Id.*   She describes the continued relationship Mr. Moreno-Godoy fosters with his daughter, recognizing his own experience of abandonment by his parents.   In her opinion, Mr. Moreno-Godoy is remorseful for his actions, and describes him as a "broken" person.

Mr. Moreno-Godoy's level of accountability is reflected by his response to his current situation.   He entered a plea of guilty to the above captioned case in a timely manner.   He has not incurred a single conduct violation while incarcerated in pretrial detention and pending sentencing.   (PSR, ¶ 7).

## III.    CONCLUSION

For all of the foregoing reasons, the defendant requests that the court exercise its discretion to determine a sentence sufficient, but not greater than necessary, to fulfill the goals of sentencing under 18 U.S.C. § 3553(a), and respectfully asserts a mitigated guideline sentence is appropriate based on the nature and circumstances of the offense.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:   (563) 322-8931
TELEFAX:   (563) 383-0052
EMAIL:   diane_helphrey@fd.org

By:      */s/ Diane Helphrey*_____
         **Diane Helphrey**
         Assistant Federal Defender
         ATTORNEY FOR DEFENDANT

cc: Clifford Cronk, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on March 17, 2021, I electronically
filed this document with the Clerk of Court using the ECF
system which will serve it on the appropriate parties.
_____/s/_____

4